IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

VAN SANT & CO., a Colorado corporation,

        Plaintiff,

v.

        Case No.

TOWN OF CALHAN, a municipality,

        Defendant.

---

## COMPLAINT

---

Plaintiff alleges:

1.     Plaintiff is a Colorado corporation in good standing, and is the owner of real property in Calhan, Colorado.

2.     Defendant Town of Calhan ("Town") is a Colorado municipality.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States. Specifically, this action is instituted pursuant to 42 U.S.C. § 1983 and 15 U.S.C. §§ 1, 2. Plaintiff seeks its costs and attorney's fees pursuant to 42 U.S.C. § 1988.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Town resides in this judicial district and the events giving rise to the claims occurred in this judicial district.

01558009-2

## GENERAL ALLEGATIONS

5.       At all times material hereto (Mayor) Cameron Chaussee, and (Trustee) Tyler Chaussee (collectively "Chaussee Trustees") were duly elected Trustees of the Town, acting under color of state law. Cameron Chaussee and Tyler Chaussee are cousins.

6.       Continental Properties, Inc. ("Continental") is an Iowa corporation authorized to transact business in the State of Colorado. According to its Articles of Incorporation, Continental is organized to engage only in the business of acting as an agent for others, to afford facilities for the convenient transaction of business by its principals and partners.

7.       Continental is the record owner of Cadillac Jack's RV Park, located at 1001 5th Street, Calhan, Colorado (the "Chaussee RV Park"). Iowa corporate records identify Blake Chaussee as the President of Continental, and Annette Chaussee as the Secretary of Continental.

8.       Annette Chaussee is the grandmother of Mayor Cameron Chaussee and Trustee Tyler Chaussee. Blake Chaussee is the father of Trustee Cameron Chaussee. Upon information and belief Mayor Cameron Chaussee and Trustee Tyler Chaussee have "a personal or private interest" in matters pertaining to or directly benefitting the Chaussee RV Park.

9.       Plaintiff is the owner of real property in Calhan, Colorado, located at 1350 8th Street, Calhan, Colorado. Prior to 2015, the property was operated as a mobile home park. In the fall of 2015 Plaintiff began renting lots to recreational vehicles (RVs). At the time, the Calhan Land Development Code ("Code") did not specifically regulate RVs, nor prohibit RVs in mobile or manufactured home parks. By renting spaces to RVs, Plaintiff began to directly compete with the Chaussee RV Park.

01558009-2                                                2

10.     In June 2016, Town inspector Sotomayor inspected the Plaintiff's property, and stated to the park manager that he didn't see any problems. The property passed "with flying colors." Then in August 2016, the Town inexplicably served citations for multiple alleged property violations. Plaintiff protested the citations and requested that the Town inspector visit the property to identify the deficiencies requiring corrective work. A visit was scheduled, but the Town inspector did not keep the appointment.

11.     Then in September 2016, the Town trustees adopted an amendment to the Code prohibiting RVs in a mobile or manufactured home park. A "manufactured home park" is defined in the Town Code as any tract of land held under single ownership with two or more mobile homes. Shortly thereafter, the Town again cited Plaintiff, this time for violating the newly passed prohibition on RVs in a manufactured home park.

12.     In its continuing effort to make productive use of its property despite the obstacles being imposed by the Town, Plaintiff commenced the process for converting its mobile home park to full RV use. Through its counsel, the Town confirmed that the Calhan Code did not regulate RV parks, thus (as stated by counsel to Plaintiff's attorney by email dated September 6, 2018) "your client is currently able to establish an RV park on its property in the Town without specific approval of the Town."

13.     Plaintiff then commenced the lengthy and expensive process to end the tenancies of its mobile home tenants and remove all residential mobile homes from the property. By Colorado statute, Plaintiff was obligated to give six (6) months' notice of termination of the mobile home tenancies. Tenancies were terminated, causing loss of rental revenue, mobile

homes were moved at considerable expense, abandoned property was removed, and improvements were made, all at significant cost to Plaintiff.

14.     The Town's reaction was swift. On October 9, 2018, the Town enacted a new article to its Code: Article 10 "Recreational Vehicle Park Development" (the "RV Ordinance"). The detailed regulations contain provisions such as requiring a minimum horizontal separation of ten feet between domestic water lines and sewer lines, Code 15.10.070(G), and a caretaker for the property who must be "on site and in charge at all times," 15.10.120(A). The RV Ordinance dramatically increases the cost of operating an RV park. However, the regulations grandfathered in all RV parks "in existence as of the date of the ordinance." The new regulations apply only to new RV parks "after November 30, 2018" and also to old (aka grandfathered) RV parks "only upon expansion or renovation of existing facilities." Code 15.10.130. The RV Ordinance was passed on a 3-0 vote of the Trustees. More specifically, the RV Ordinance was passed by the affirmative votes of the Chaussee Trustees. Indeed, the RV Ordinance could not have passed without their vote.

15.     Though the RV Ordinance nominally grandfathered RV Parks in existence as of November 30, 2018, the Chaussee Trustees knew that Plaintiff could not complete the conversion of its property by that date. The reason:  Plaintiff's property was still classified as a manufactured home park, notwithstanding its diligent steps to remove all residential mobile homes. Adding to the injury, the Town continued to cite Plaintiff for violations of the Code as Plaintiff methodically removed mobile homes and cleaned up the property.

16.     The Chaussee RV Park was the principal beneficiary of the new RV Ordinance. While it was conveniently exempted from the onerous new requirements, Plaintiff's property

was not. The RV Ordinance (as with the previous Code amendment described above) was obviously enacted to stifle the competitive impact of the Plaintiff's planned RV park. Further, as a result of the ordinance, the renovation and conversion expense incurred by Plaintiff described above were effectively lost, along with rental revenue that could have been generated by other use of the property.

17.     Colorado has adopted a Code of Ethics that prescribes standards of conduct for citizens involved with government. *See* C.R.S. § 24-18-101, *et seq.* The Code of Ethics for government officials is divided into "rules of conduct" and "ethical principles." *See* C.R.S. § 24-18-101 to -113. A violation of any of the "rules of conduct" constitutes a breach of the public trust and a breach of the officer's fiduciary duty to the people of Colorado. C.R.S. § 24-18-103(2). A local government official "whose conduct departs from his fiduciary duty is liable to the people of the state as a trustee of property and shall suffer such other liabilities as a private fiduciary would suffer for abuse of his trust." *Id*.

18.     Specifically, the rules of conduct for local government officials prohibit a town trustee from "[p]erforming an official act directly and substantially affecting to its economic benefit a business or other undertaking in which he either has a substantial financial interest or is engaged as counsel, consultant, representative, or agent." C.R.S. § 24-18-109(2)(b).

19.     In addition, "[a] member of ... a local government who has a personal or private interest in any matter proposed or pending before the governing body shall disclose such interest to the governing body and shall not vote thereon and shall refrain from attempting to influence the decisions of the other members of the governing body in voting on the matter." *Id*. -109(3)(a). These disclosure procedures require local government officials to "disclose the nature

of his private interest ... prior to acting in a manner which may impinge on his fiduciary duty and the public trust." *Id*. -110. This disclosure must be made in writing to the Colorado Secretary of State, and the local government official must "state for the record the fact and summary nature of the interest disclosed at the time of performing the act." *Id*. No disclosure was made. Further, a local government official shall not "use confidential information acquired in the course of his official duties in order to further substantially his personal financial interest." C.R.S. § 24-18-104(l)(a).

20.      Upon information and belief, the Chaussee Trustees violated several rules of conduct of Colorado's Code of Ethics when they voted on October 9, 2018 to enact Ordinance 2018-12 (the new RV Ordinance). When the Chaussees voted as Town Trustees to enact Ordinance 2018-12, they were directly and substantially benefitting Cadillac Jack's RV Park, *i.e.*, Continental Properties, by creating RV regulations that would not burden their family's RV park - because it was grandfathered in - while making it prohibitively expensive for Plaintiff to enter the RV lot rental market in Calhan.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Denial of Substantive Due Process)

21.      Plaintiff incorporates the allegations of paragraph 1-20 above.

22.      Plaintiff has, for years, made lawful and productive use of its property. Acting within then-existing Code provisions, Plaintiff incurred considerable expense to rent lots for RVs.

23.      The Town Trustees, by the actions of the Chaussee Trustees, amended the Code to thwart the Plaintiff's lawful use of its property.

24.     To avoid violating the Code, the Plaintiff incurred further substantial expense to convert to an RV rental property, which was then unregulated under the Code. The Chaussee Trustees then pushed through onerous new regulations to interfere with Plaintiff's lawful use of its property, while exempting their family-owned competitive business.

25.     The Chaussee Trustees had a personal or financial interest in the adoption of the new regulations. Upon information and belief, the new regulations were adopted to thwart the imminent competition by Plaintiff with the family-owned RV business.

26.     The actions of the Chaussee Trustees, taken under color of state law, violate the Colorado Code of Ethics and Plaintiff's right to substantive due process protected by the United States Constitution. As a result, the Defendant has violated 42 U.S.C. § 1983.

27.     Plaintiff has incurred substantial loss and damage as a result of the Town's actions.

WHEREFORE, Plaintiff prays as is hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Equal Protection)

28.     Plaintiff incorporates the allegations of paragraphs 1 through 27 above.

29.     The Chaussee RV Park and Plaintiff's proposed RV park were similarly situated. The RV Ordinance, including the provision exempting the Chaussee RV Park, was adopted for reasons totally unrelated to legitimate state ends.

30.     The Plaintiff was denied equal protection under the law secured by the United State Constitution by the unethical actions of the Chaussee Trustees and illegal action by the Town and has been damaged.

WHEREFORE, Plaintiff prays as is hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Taking)

31.     Plaintiff incorporates the allegations of paragraphs 1 through 30 above.

32.     The RV Ordinance was adopted for improper and unethical purposes. The Code was not adopted to substantially advance legitimate state interests.

33.     The RV Ordinance denies Plaintiff an economically viable use of its property, thereby depriving Plaintiff of its reasonable economic value. Plaintiff is entitled to reasonable compensation for its loss.

WHEREFORE, Plaintiff prays as is hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
### (15 U.S.C. § 1, § 2)

34.     Plaintiff incorporates the allegations of paragraphs 1 through 33 above.

35.     Upon information and belief, the alleged facts support the reasonable conclusion that there was an agreement between Town Trustees and the owners of the Chaussee RV Park that was intended to restrain or monopolize trade, specifically the interstate commerce that is inherent with recreation vehicles.

36.     Alternatively, the above alleged facts support the reasonable conclusion that the Town, through the Chaussee Trustees, participated in a conspiracy to restrain or monopolize trade, specifically, the interstate commerce related to recreational vehicle property rentals.

37.     Acting in their capacities at Town Trustees, the Cameron and Tyler Chaussee took the overt act of voting in favor of the RV Ordinance on October 9, 2018, with the specific intent to monopolize the RV market or engage in anticompetitive conduct in relation to the Calhan RV market.

38.     There is a substantial amount of commerce related to the RV market in Calhan.

39.     Plaintiff has been damaged by the actions of the Town.


WHEREFORE, Plaintiff prays for entry of judgment in favor of Plaintiff and against Defendant for such amount as the Court or jury shall determine, for pre- and post-judgment interest, for its costs, for its attorney's fees pursuant to 42 U.S.C. § 1988 and other applicable law, and for such other relief as the Court deems proper.


Plaintiff demands a jury trial.


                                                            Respectfully Submitted,

Dated: October 8, 2020                                      s/*Eric V. Hall*
                                                            Eric V. Hall
                                                            CO Bar No.: 32028
                                                            Scott W. Johnson
                                                            CO Bar No.: 12830
                                                            SPARKS WILLSON, P.C.
                                                            24 South Weber Street, Suite 400
                                                            Colorado Springs, Colorado 80903
                                                            Telephone: (719) 634-5700
                                                            Facsimile: (719) 633-8477
                                                            evh@sparkswillson.com
                                                            swj@sparkswillson.com

Plaintiff's address:

Van Sant & Co.
P.O. Box 585
Monument CO  80132